UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRONGHILL CAPITAL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JUDITH McADAM;  MARTHA McADAM<br><br>    Defendants. | CASE NO.: _____ |

## COMPLAINT

Stronghill Capital, LLC ("Stronghill" or "Plaintiff"), files this Complaint for breach of contract against Defendants Judith and Martha McAdam (the "Defendants") for their failure to fulfill their contractual obligation under a personal guaranty.  In support of its Complaint, Stronghill states as follows:

### The Parties

1. Stronghill is Texas limited liability company with its principal place of business located in Austin, Texas.  Stronghill's sole member is FNH Texas, LLC.  No members of FNH Texas, LLC is domiciled in Massachusetts.

2. Ms. Judith McAdam is a citizen of the Commonwealth of Massachusetts who resides in Pembroke, Massachusetts.

3. Ms. Martha McAdam is a citizen of the State of New Hampshire who resides in Nashua, New Hampshire.

### Venue & Jurisdiction

4. Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to the valid forum selection clause contained in the guaranty, and venue

in this action is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District and a substantial part of the property that is the subject of the action is situated in this District.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, where the amount in controversy exceeds $75,000.00 and the parties are completely diverse.

**Facts**

6. Willoughby Realty Trust ("Borrower") is a Massachusetts Trust.

7. Defendant Judith McAdam serves as Trustee for the Borrower.

8. On December 20, 2019, Defendant Judith McAdam, as Trustee for the Borrower, executed a commercial promissory note in favor of Stronghill in the original principal amount of $850,000.00 (the "Note"). A true and accurate copy of the Note is attached hereto as Exhibit A. The debt evidenced by the Note is referred to herein as the "Loan."

9. The proceeds of the funds advanced by the Note were used in connection with the Borrower's operation of a veterinary clinic.

10. To secure repayment of the Note, and as additional security for the obligations under the Loan, on December 20, 2019, both Judith and Martha McAdam executed a guaranty in favor of the Stronghill (the "Guaranty"). Attached as Exhibit B is a true and accurate copy of the Guaranty.

11. Under the Guaranty, Defendants "absolutely, unconditionally, and irrevocably guarantied to [Stronghill] the full and prompt payment when due, whether at maturity or earlier, by reason of acceleration or otherwise, and all time thereafter." See Ex. B, Guaranty.

12. Thus, Defendants were obligated honor the Guaranty upon the acceleration of the Loan.

13. Additionally, the Guaranty was "unconditional" and served as a guaranty of payment not only a guaranty of collection. See Ex. B, Guaranty.

14. The Guaranty provides that Stronghill is entitled to its costs, including attorneys' fees, for having to enforce the provisions of the Guaranty. See Ex. B, Guaranty.

15. Borrower defaulted on the Loan by failing to make timely payments.

16. On May, 26, 2020, Stronghill accelerated the debt and provided notice to the Borrower and Defendants that the full amount owing under the Loan was due within 30 days.

17. The acceleration letter provided Borrower and Defendants until June 25, 2020 to satisfy the Loan obligations.

18. Neither the Borrower nor the Defendants, as guarantors and as required by the Guaranty, timely paid the full accelerated amount.

## Count I – Breach Of Contract

19. Stronghill incorporates the preceding paragraphs as if specifically set forth herein.

20. The Defendants executed the Guaranty and, in doing so, agreed to absolutely and unconditionally pay and satisfy any and all indebtedness owed by the Borrower to Stronghill under the Loan.

21. Borrower breached the Loan by failing to pay the full accelerated amount demanded by Stronghill after Borrower's default.

22. Defendants refused to honor the Guaranty by paying the full amount owed to Stronghill under the Loan upon acceleration, thereby breaching the Guaranty's terms.

23. The Defendants' breach of the Guaranty has caused Stronghill damages in an amount of at least $850,000.00 plus interest, late fees, costs and legal fees as will be proven at trial.

WHEREFORE, Stronghill respectfully requests that this Court:

A.  Enter judgment for Stronghill against the Defendants in amount to be determined at trial, including interest, costs and attorneys' fees; and

B.  Grant Stronghill such other and further relief as justice requires.

Respectfully submitted,

Stronghill Capital, LLC
By its attorneys

 /s/ Michael R. Stanley_____
Michael R. Stanley (BBO # 680957)
mstanley@sheehan.com
Sheehan Phinney Bass & Green, PA
28 State Street, 22nd Floor
Boston, MA 02111
617-897-5647